## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IVYS J. MALDONADO,

                          **Plaintiff,**

        - vs -

BROOKTROUT TECHNOLOGY INC., ERIC
GILER, AS PRESIDENT OF BROOKTROUT
TECHNOLOGY AND INDIVIDUALLY, AND
CHRISTINE RYAN, AS CORPORATE
HUMAN RESOURCES DIRECTOR OF
BROOKTROUT TECHNOLOGY, AND
INDIVIDUALLY, MICHELE MICHAUD, AS
SALES ADMINISTRATION DIRECTOR OF
BROOKTROUT TECHNOLOGY
INDIVIDUALLY, AND VALERIE WASCOAT,
AS SALES ADMINISTRATION SUPERVISOR
OF BROOKTROUT TECHNOLOGY AND
INDIVIDUALLY,

                    **Defendants.**

**C.A. No. 03-12299 RCL**

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## COMPLAINT FOR DECLARATORY RELIEF

Defendants Brooktrout Technology, Inc. ("Brooktrout"), Eric Giler, As President Of

Brooktrout Technology and individually, Christine Ryan, as Corporate Human Resources

Director of Brooktrout Technology and individually, Michele Michaud, as Sales Administration

Director of Brooktrout Technology and individually, and Valerie Wascoat, as Sales

Administration Supervisor of Brooktrout Technology and individually, (collectively, the

"Defendants") for their answer to the Amended Complaint For Declaratory Relief of Plaintiff,

Ivys J. Maldonado, respond to each numbered paragraph of the Complaint follows:

**FIRST DEFENSE**

1.     The allegations in paragraph 1 state conclusions of law to which no response is required.

2.     The allegations in paragraph 2 state conclusions of law to which no response is required.

3.     The allegations in paragraph 3 state conclusions of law to which no response is required.

4.     The allegations in paragraph 4 state conclusions of law to which no response is required.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.     Defendants admit that Plaintiff has named Brooktrout Technology, Inc., Eric Giler, as President of Brooktrout and individually, Christine Ryan, as Corporate Human Resources Director of Brooktrout and individually, Michele Michaud, as Sales Administration Director of Brooktrout and individually, and Valerie Wascoat, as Sales Administration Supervisor of Brooktrout and individually, as defendants in this action. Defendants deny that Christine Ryan's current title is Corporate Human Resources Director of Brooktrout and that Michele Michaud's current title is Sales Administration Director of Brooktrout. Defendants admit that Brooktrout's business address is 250 First Avenue, Needham, MA 02494 (not 01701).

2

6.    Defendants admit that Plaintiff was an employee of Brooktrout. The remaining allegations in the second paragraph 6 are denied as stated. Exhibit A is a writing, which speaks for itself.

7.    The allegations in paragraph 7 are admitted.

8.    Defendants admit that Plaintiff commenced work for Brooktrout as a salaried employee and that Plaintiff was later changed to an hourly employee. Defendants further admit that Plaintiff's last day of employment with Brooktrout was November 28, 2001 and that at that time Plaintiff's title with Brooktrout was International Sales Coordinator. The remaining allegations in paragraph 8 are denied.

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Paragraph 12 also states conclusions of law to which no response is required.

3

13.     Defendants admit that in February of 2001, Plaintiff discussed Brooktrout's policies on family medical leave with Brooktrout's Human Resources Department. The remaining allegations in paragraph 13 are denied.

14.     The allegations in paragraph 14 are denied as stated. Exhibit A is a writing, which speaks for itself.

15.     Defendants admit that Ms. Ryan asked Plaintiff to track her time on a spreadsheet and to provide the spreadsheet to Ms. Wascoat. The remaining allegations in paragraph 15 are denied.

16.     Defendants admit that in March of 2001, Ms. Wascoat requested that Plaintiff fill out a form for leave time needed or taken. The remaining allegations in paragraph 16 are denied.

17.     Defendants admit that Ms. Wascoat and Ms. Michaud requested Plaintiff submit documentation for medical appointments. The remaining allegations in paragraph 17 are denied.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     The allegations in paragraph 19 are denied.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Defendants deny sentence one of paragraph 21. Defendants admit that 4.75 hours were deducted from Plaintiff's vacation time. Defendants deny the remaining allegations in sentence two of paragraph 21. Further answering, Exhibit B is a writing, which speaks for itself.

4

22.     Defendants admit that Ms. Wascoat met with Plaintiff on May 23, 2001. The remaining allegations in paragraph 22 are denied.

23.     The allegations in paragraph 23 are denied.

24.     The allegations in paragraph 24 are denied.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25. Further answering, Exhibit C is a writing, which speaks for itself.

26.     Defendants admit that Ms. Wascoat informed Plaintiff that she had a performance review on May 23, 2001 at 3:00 p.m. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27.     The allegations in paragraph 27 are denied.

28.     The allegations in sentence one of paragraph 28 are admitted. The remaining allegations contained in paragraph 28 are denied.

29.     The allegations in paragraph 29 are denied.

30.     The allegations in paragraph 30 are denied.

31.     Defendants admit that Plaintiff cried during the May 23, 2001 meeting and that the meeting lasted approximately 3:20 hours. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 are denied.

5

33.    The allegations in paragraph 33 are admitted.

34.    The allegations in paragraph 34 are denied.

35.    The allegations in sentence one of paragraph 35 are admitted.  The allegations in sentence two of paragraph 35 are denied, except Plaintiff was instructed to report to work at 8:00 a.m.

36.    The allegations in paragraph 36 are denied as stated.  Defendants admit that Plaintiff was changed from a salaried to an hourly employee.  Further, Defendants admit that the remaining Sales Coordinators were salaried employees.

37.    Defendants admit that Plaintiff began to accrue sick time following her change from salaried to hourly employee.  The remaining allegations in paragraph 37 are denied.

38.    The allegations in paragraph 38 are denied.

39.    The allegations in sentence one of paragraph 39 are admitted.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two of paragraph 39.

40.    The allegations in sentence one of paragraph 40 are admitted.  Defendants further admit that Ms. Wascoat brought Plaintiff tissues and water.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41.    The allegations in paragraph 41 are denied.

6

42.    Defendants admit that Plaintiff attended meetings with Ms. Wascoat.  The remaining allegations in paragraph 42 are denied.

43.    Defendants admit that Ms. Wascoat reserved conference rooms for the purpose of weekly meetings with Plaintiff.  Defendants deny the remaining allegations in paragraph 43. Exhibit D is a document, which speaks for itself.

44.    The allegations in paragraph 44 are denied.

45.    The allegations in paragraph 45 are denied.

46.    Defendants admit that a meeting was held on May 24, 2001 between Plaintiff, Ms. Ryan, Ms. Wascoat and Ms. Michaud.  The remaining allegations in paragraph 46 are denied.

47.    The allegations in paragraph 47 are denied.

48.    Defendants admit that on previous occasions, Plaintiff provided copies of doctors' notes to Ms. Michaud and Ms. Wascoat.  The remaining allegations in paragraph 48 are denied.  Exhibit E contains documents, which speak for themselves.

49.    Defendants admit that Ms. Michaud informed Plaintiff that she could make a written statement in response to her annual performance review.  The remaining allegations in paragraph 49 are denied.

50.    Defendants admit that Plaintiff submitted a response on May 25, 2001. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50.  Exhibit F is a document, which speaks for itself.

7

51.     Defendants admit that Plaintiff had on occasion asked for a copy of her job description. The remaining allegations in paragraph 51 are denied.

52.     Defendants admit that Plaintiff was scheduled to take a vacation on or about May 29, 2001. The remaining allegations in paragraph 52 are denied.

53.     The allegations in paragraph 53 are denied. Exhibit G contains documents, which speak for themselves.

54.     The allegations in paragraph 54 are denied.

55.     The allegations in paragraph 55 are denied.

56.     The allegations in paragraph 56 are denied.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of sentence one of paragraph 57. Defendants admit that Plaintiff provided some medical appointment confirmations to Ms. Wascoat.  The remaining allegations in paragraph 57 are denied.

58.     The allegations in paragraph 58 are denied.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Defendants admit that Plaintiff contacted Ms. Wascoat to state that her daughter had been hospitalized. The remaining allegations in paragraph 60 are denied.

61.     The allegations in paragraph 61 are admitted.

8

BOS1363894.1

62.    The allegations in paragraph 62 are denied.

63.    Defendants admit that Plaintiff was told she needed to be at her work station at 8:00 a.m.  The remaining allegations in paragraph 63 are denied.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.    The allegations in paragraph 65 are denied.

66.    The allegations in paragraph 66 are denied.

67.    Defendants admit that a follow-up performance review was held on August 10, 2001.  The remaining allegations in paragraph 67 are denied.

68.    Defendants admit that Ms. Ryan provided forms to Plaintiff.  The remaining allegations in paragraph 68 are denied.

69.    The allegations in paragraph 69 are denied.

70.    Defendants admit that Plaintiff requested forms from Ms. Ryan.  The remaining allegations in paragraph 70 are denied.

71.    The allegations in paragraph 71 are admitted.

72.    Defendants admit that on August 9, 2001, Ms. Michaud told Plaintiff to leave work at 4:00 p.m.  The remaining allegations in paragraph 72 are denied.

73.    The allegations in paragraph 73 are denied.

74.    The allegations in paragraph 74 are admitted.

75.    The allegations in paragraph 75 are denied as stated.  Exhibit I is a writing, which speaks for itself.

76.    The allegations in paragraph 76 are denied.

77.    Exhibit J is a writing, which speaks for itself.

78.    Defendants admit that Plaintiff and Ms. Ryan met on August 14, 2001 to discuss family medical leave.   Further, Defendants admit that Ms. Ryan asked Plaintiff to fill out a form and date it effective June of 2001.  The remaining allegations in paragraph 78 are denied.

79.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of paragraph 79.  Defendants admit that Ms. Ryan told Plaintiff to attach a copy of the letter to the appropriate form.  The remaining allegations in paragraph 79 are denied.

80.    Defendants admit that Ms. Michaud did not sign the form.  The remaining allegations in paragraph 80 are denied.

81.    The allegations in sentence one of paragraph 81 are admitted.  The allegations in sentence two of paragraph 81 are denied.

82.    The allegations in paragraph 82 are denied.

83.    The allegations in paragraph 83 are denied.

84.    The allegations in paragraph 84 are denied.

BOS1363894.1

85.     The allegations in paragraph 85 are denied.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of paragraph 87.  Defendants admit that Plaintiff spoke to Ms. Wascoat about her daughter's medical condition.  The remaining allegations in paragraph 87 are denied.

88.     The allegations in paragraph 88 are denied.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.  Further, Exhibits K and L are writings, which speak for themselves.

90.     Defendants admit the truth of the allegations contained in sentence one of paragraph 90.  The remaining allegations in paragraph 90 are denied.

91.     The allegations in paragraph 91 are admitted.

92.     The allegations in paragraph 92 are denied as stated.  Exhibit M is a writing, which speaks for itself.

93.     The allegations in paragraph 93 are denied.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

11

95.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.    Defendants admit that Plaintiff called Ms. Ryan at some point. The remaining allegations in paragraph 96 are denied

97.    The allegations in paragraph 97 are denied.

98.    The allegations in paragraph 98 are admitted. Exhibit N is a document, which speaks for itself.

99.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff received an Intermittent Family Medical Leave approval letter on or about October 19, 2001. The remaining allegations in paragraph 99 are denied.

100.    The allegations in paragraph 100 are denied as stated. Exhibit O is a writing, which speaks for itself.

101.    Defendants admit Plaintiff contacted Ms. Ryan about the letter. The remaining allegations in paragraph 101 are denied.

102.    Defendants admit Ms. Ryan stated she would look into Plaintiff's comment. The remaining allegations in paragraph 102 are denied.

103.    Defendants admit that Plaintiff was required to provide documentation supporting medical appointments. The remaining allegations in paragraph 103 are denied.

104.    The allegations in paragraph 104 are denied.

12

BOS1363894.1

105.    The allegations in paragraph 105 are denied.

106.    Defendants admit that a meeting took place between Ms. Wascoat and Plaintiff on November 9, 2001. The remaining allegations in paragraph 106 are denied.

107.    The allegations in paragraph 107 are admitted.

108.    The allegations in paragraph 108 are denied.

109.    The allegations in paragraph 109 are denied.

110.    Defendants admit that at some point, Plaintiff stated her intent to file a complaint with the Department of Labor. The remaining allegations in paragraph 110 are denied.

111.    The allegations in paragraph 111 are denied.

112.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.    Defendants admit that Ms. Splitz informed Plaintiff that she would be meeting with Ms. Ryan. The remaining allegations in paragraph 113 are denied.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114. Further, Exhibit P is a writing, which speaks for itself.

115.    The allegations in paragraph 115 are denied.

116.    The allegations in paragraph 116 are denied.

117.    The allegations in paragraph 117 are denied.

118.    The allegations in paragraph 118 are denied.

119.    The allegations in paragraph 119 are denied.

120.    The allegations in paragraph 120 are denied.  Exhibit Q is a document, which speaks for itself.

121.    The allegations in paragraph 121 are denied.

122.    Defendants admit that Plaintiff met with Ms. Wascoat on November 28, 2001 and that Ms. Wascoat gave Plaintiff a copy of notes.  The remaining allegations in paragraph 122 are denied.

123.    Defendants deny that the items alleged in paragraph 123 were discussed at a November 28, 2001 meeting.

124.    Defendants deny that the items alleged in paragraph 124 were discussed at a November 28, 2001 meeting.

125.    Defendants deny that the items alleged in paragraph 125 were discussed at a November 28, 2001 meting.

126.    Defendants deny that the items alleged in paragraph 126 were discussed at a November 28, 2001 meeting.

127.    The allegations in paragraph 127 are admitted.

128.    The allegations in paragraph 128 are denied.

129.    The allegations in paragraph 129 are denied.

130.    The allegations in paragraph 130 are denied.

131.    The allegations in paragraph 131 are denied.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.    Exhibit R is a writing, which speaks for itself.

135.    The allegations in paragraph 135 are denied.

136.    The allegations in paragraph 136 are admitted.

137.    The allegations in paragraph 137 are denied.

138.    Defendants admit that Ms. Ryan informed Plaintiff she did not need to stay at Brooktrout past the day that she submitted her resignation. The remaining allegations in paragraph 138 are denied.

139.    The allegations in paragraph 139 are admitted. Exhibit S contains documents, which speak for themselves.

140.    The allegations in paragraph 140 are admitted.

BOS1363894.1

141.    The allegations in paragraph 141 are admitted.  Exhibit T is a document, which speaks for itself.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.    Defendants admit that Brooktrout contested Plaintiff's unemployment benefits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143.

144.    Defendants admit that Plaintiff's unemployment benefits were approved. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 144.  Exhibit U is a writing, which speaks for itself.

145.    Defendants admit that Plaintiff contacted Ms. Ryan on December 19, 2001 and May 31, 2002.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two of paragraph 145.  Defendants deny the remaining allegations as stated in paragraph 145.  Exhibit V is a writing, which speaks for itself.

146.    Exhibit W is a writing, which speaks for itself.

147.    The allegations in paragraph 147 state conclusions of law to which no response is required.

148.    Exhibit X is a writing, which speaks for itself.

149.    Defendants incorporate by reference their responses to paragraphs 1 through 148 in answer to paragraph 149.

16

BOS1363894.1

150.    Defendants incorporate by reference their responses to paragraphs 1 through 149 in answer to paragraph 150.

151.    The allegations in paragraph 151 state conclusions of law to which no response is required.

152.    The allegations in paragraph 152 state conclusions of law to which no response is required.

153.    Defendants incorporate by reference their responses to paragraphs 1 through 152 in answer to paragraph 153.

154.    The allegations in paragraph 154 state conclusions of law to which no response is required.

155.    The allegations in paragraph 155 state conclusions of law to which no response is required.

156.    The allegations in paragraph 156 state conclusions of law to which no response is required.

157.    The allegations in paragraph 157 state conclusions of law to which no response is required.

158.    The allegations in paragraph 158 state conclusions of law to which no response is required.

BOS1363894.1

159.    Defendants incorporate by reference their responses to paragraphs 1 through 158 in answer to paragraph 159.

160.    The allegations in paragraph 160 state conclusions of law to which no response is required.

161.    The allegations in paragraph 161 state conclusions of law to which no response is required.

162.    Defendants incorporate by reference their responses to paragraphs 1 through 161 in answer to paragraph 162.

163.    The allegations in paragraph 163 state conclusions of law to which no response is required.

164.    The allegations in paragraph 164 state conclusions of law to which no response is required.

165.    Defendants incorporate by reference their responses to paragraphs 1 through 164 in answer to paragraph 165.

166.    The allegations in paragraph 166 state conclusions of law to which no response is required.

167.    The allegations in paragraph 167 state conclusions of law to which no response is required.

168.    Defendants incorporate by reference their responses to paragraphs 1 through 167 in answer to paragraph 168.

169.    The allegations in paragraph 169 state conclusions of law to which no response is required.

170.    The allegations in paragraph 170 state conclusions of law to which no response is required.

171.    Defendants incorporate by reference their responses to paragraphs 1 through 170 in answer to paragraph 171.

172.    The allegations in paragraph 172 state conclusions of law to which no response is required.

173.    The allegations in paragraph 173 state conclusions of law to which no response is required.

174.    Defendants incorporate by reference their responses to paragraphs 1 through 173 in answer to paragraph 174.

175.    The allegations in paragraph 175 state conclusions of law to which no response is required.

176.    The allegations in paragraph 176 state conclusions of law to which no response is required.

BOS1363894.1

177.    The allegations in paragraph 177 state conclusions of law to which no response is required.

178.    The allegations in paragraph 178 state conclusions of law to which no response is required.

179.    Defendants incorporate by reference their responses to paragraphs 1 through 178 in answer to paragraph 179.

180.    The allegations in paragraph 180 state conclusions of law to which no response is required.

181.    The allegations in paragraph 181 state conclusions of law to which no response is required.

182.    The allegations in paragraph 182 state conclusions of law to which no response is required.

183.    The allegations in paragraph 183 state conclusions of law to which no response is required.

184.    Defendants incorporate by reference their responses to paragraphs 1 through 183 in answer to paragraph 184.

185.    The allegations in paragraph 185 state conclusions of law to which no response is required.

186.    The allegations in paragraph 186 state conclusions of law to which no response is required.

187.    The allegations in paragraph 187 state conclusions of law to which no response is required.

188.    The allegations in paragraph 188 state conclusions of law to which no response is required.

## SECOND DEFENSE

The Complaint fails to state a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and applicable regulations, upon which relief may be granted against Brooktrout or the individual defendants.

## THIRD DEFENSE

The Complaint fails to state a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and applicable regulations, upon which relief may be granted against Brooktrout or the individual defendants.

## FOURTH DEFENSE

The Complaint fails to state a claim for gender discrimination under 42 U.S.C. §2000e, *et. seq.*, upon which relief may be granted against Brooktrout or the individual defendants.

BOS1363894.1

## FIFTH DEFENSE

The Plaintiff's claim against Brooktrout and the individual defendants under 42 U.S.C. §2000e, *et. seq.*, must be dismissed because Plaintiff failed to exhaust her administrative remedies by filing a charge with respect thereto with the Massachusetts Commission Against Discrimination and/or the Equal Employment Opportunity Commission.

## SIXTH DEFENSE

The claims asserted in the Complaint are barred by the applicable statute(s) of limitations.

## SEVENTH DEFENSE

The Complaint fails to state a claim for constructive discharge from employment upon which relief may be granted against Brooktrout or the individual defendants.

## EIGHTH DEFENSE

The individual defendants are not liable to Plaintiff for any claim asserted in the Complaint because they acted at all times in the course of and within the scope of their employment and in accordance with applicable law.

## NINTH DEFENSE

To the extent that the Complaint can be read to state a claim for non-payment of overtime wages worked by Plaintiff after she became an hourly non-exempt employee, the claim fails because she was fully paid for the few overtime hours she worked.

BOS1363894.1

## TENTH DEFENSE

Plaintiff is estopped to complain about the conduct of Brooktrout and the individual defendants because of her own conduct.

## ELEVENTH DEFENSE

Plaintiff was not qualified for FMLA leave until, at the earliest, April 3, 2001. To the extent that the Complaint asserts a claim for alleged violations of her rights under that statute prior to April 3, 2001, such claim must be dismissed.

BOS1363894.1

23

WHEREFORE, Brooktrout Technology, Inc., Eric Giler, As President Of Brooktrout Technology and individually, Christine Ryan, as Corporate Human Resources Director of Brooktrout Technology and individually, Michele Michaud, as Sales Administration Director of Brooktrout Technology and individually, and Valerie Wascoat, as Sales Administration Supervisor of Brooktrout Technology and individually, request that judgment be entered against plaintiff Ivys Maldonado, dismissing the Complaint with prejudice and awarding Defendants their costs, including reasonable attorneys' fees.

> BROOKTROUT TECHNOLOGY, INC., ERIC GILER, AS PRESIDENT OF BROOKTROUT TECHNOLOGY AND INDIVIDUALLY, CHRISTINE RYAN, AS CORPORATE HUMAN RESOURCES DIRECTOR OF BROOKTROUT TECHNOLOGY AND INDIVIDUALLY, MICHELE MICHAUD, AS SALES ADMINISTRATION DIRECTOR OF BROOKTROUT TECHNOLOGY AND INDIVIDUALLY, AND VALERIE WASCOAT, AS SALES ADMINISTRATION SUPERVISOR OF BROOKTROUT TECHNOLOGY AND INDIVIDUALLY
>
> By their attorneys,
>
> David S. Rosenthal (BBO # 429260)
> Stacey L. DiJon (BBO # 647142)
> Nixon Peabody LLP
> 100 Summer Street
> Boston, MA  02110
> (617) 345-1000

Dated:  March 23, 2004