UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No. 03-12299 RCL

FILED
IN CLERKS OFFICE

2004 NOV 15  P 1:58

U.S. DISTRICT COURT
DISTRICT OF MASS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IVYS J. MALDONADO, | \* |
| Plaintiff | \* |
| | \* |
| | \* |
| v. | \* |
| | \* |
| BROOKTROUT INC., et al., | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

The undersigned Attorney Scott A. Lathrop, the sole remaining counsel for plaintiff Ivys Maldonado, hereby requests leave of this Court to withdraw as her counsel. The basis for this request is as follows:

1.  Up until just days ago, the original and lead counsel for plaintiff Ivys Maldonado was Atty. James J. Long, Jr., Esq.

2.  Atty. Long (who has minimal experience in Federal Court) recruited the undersigned (who does have extensive experience in Federal Court) to advise Atty. Long as to procedure in Federal Court and to serve as second chair in this case to Atty. Long. Given the undersigned's heavy litigation caseload, the undersigned agreed on that basis to serve as second chair on this case.

3.  Atty. Long in a filing dated November 9, 2004, withdrew as counsel from this case with the approval of plaintiff Maldonado. The reasons for plaintiff Maldonado approving of

1

this withdrawal are detailed in a letter she filed with the Court on November 10, 2004.

4. By e-mail dated November 5, 2004, the undersigned advised counsel for defendants that Atty. Long was withdrawing from this case, leaving plaintiff Maldonado and the undersigned in a difficult position. Plaintiff Maldonado asked the undersigned to take over the lead on this case. However, the undersigned advised plaintiff Maldonado and counsel for defendants that if the undersigned were to try to take over the lead in this case (as opposed to moving to withdraw), the undersigned would need the consent of defense counsel to request that the Court extend the current discovery deadlines by 120 days. The premise was that it would take the undersigned (or successor counsel) that long to determine what exactly has and has not been done by Atty. Long with regard to discovery so far and then to complete the discovery. A copy of this e-mail is attached as Exhibit 1.

5. On November 5, 2004, the undersigned also explained this issue by telephone to the secretary to counsel for defendants.

6. Counsel for defendants received this e-mail. However, his only response was to reschedule plaintiff's deposition from November 18, 2004, to November 19, 2004. (Ex. 2)

7. By e-mail dated November 18, 2004, the undersigned again requested counsel for defendants to respond to his request to extend the discovery deadlines so that the undersigned could fully take over the handling of this case as opposed to moving to withdraw. (Ex. 3)

8. Despite the above several requests, counsel for defendants has failed/refused to respond

to the undersigned's request concerning jointly requesting an extension of discovery deadlines. As stated above, this leaves plaintiff and the undersigned in an untenable position.

9. The undersigned has consulted with plaintiff Maldonado, and she has consented to the undersigned moving to withdraw as counsel so that she can seek another lead counsel who had the experience and availability to handle this case.

**WHEREFORE** the undersigned requests that this Court allow the undersigned to withdraw from this case and to extend the discovery deadlines in order to allow plaintiff adequate time to retain competent replacement counsel.

                                                Ivys Maldonado
                                                By her attorney

                                                _____
                                                Scott A. Lathrop, Esq.
                                                Scott A. Lathrop & Associates
                                                122 Old Ayer Road
                                                Groton, MA 01450
                                                (978) 448-8234
                                                BBO No. 287820

Dated: November 12, 2004

1

**Scott A. Lathrop**

**From:** "Scott A. Lathrop" <slathrop@lathroplawoffices.com>
**To:** "David Rosenthal" <drosenthal@nixonpeabody.com>
**Sent:** Friday, November 05, 2004 9:43 AM
**Subject:** Maldonado v. Brooktrout

Dear Atty. Rosenthal:

As I had indicated recently in separate communications with you, I am merely second chair on this case. Atty. Long has had primary responsibility for this case, including all discovery matters.

I have now learned that Atty. Long is withdrawing from this case immediately (for reasons I will not get into.) This leaves Ms. Maldonado and I in a difficult position. As you know, under the current court deadlines discovery was to have been completed by November 19, 2004, which in light of the foregoing will not be possible.

Ms. Maldonado has asked me to take over the lead on this case. It is not clear at this time if I can or will do this. Realistically if I am going to try to take over the lead in this case (as opposed to moving to withdraw myself), I will need your consent to request that the court extend the current deadlines by 120 days. It will take me or successor counsel that long to determine what exactly has and has not been done with regard to discovery so far and then to complete the discovery.

Please let me know your position on this as soon as possible.

Separately, I am informed that you and Atty. Long agreed to reschedule Ms. Maldonado's deposition to 11/18/04. Please be advised that I already am scheduled to be in court that day on other matters.


Sincerely,


Scott A. Lathrop


    Scott A. Lathrop & Associates
        Attorneys at Law
       122 Old Ayer Road
        Groton, MA 01450
Tel: (978) 448-8234   Fax: (978) 448-8244

11/11/2004

2



# NIXON PEABODY LLP
ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

David S. Rosenthal
Direct Dial: (617) 345-6183
E-Mail: drosenthal@nixonpeabody.com

November 8, 2004

**VIA FACSIMILE 978-448-8244**

Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450

RE: Maldonado v. Brooktrout, Inc., et al
USDC No. 03CV12299-RCL

Dear Mr. Lathrop:

Enclosed is the re-notice of deposition for Ivys J. Maldonado. Since you are unavailable on November 18th, I have scheduled the deposition for Friday, November 19th.

I must have all of the plaintiff's documents well in advance of the deposition. Thank you for your anticipated cooperation.

Very truly yours,

David S. Rosenthal

DSR/dlp
Enclosure
cc: James J. Long, Jr., Esq.

BOS1433994.1

INCLUDING ATTORNEYS FORMERLY OF HUTCHINS WHEELER & DITTMAR

ALBANY, NY • BOSTON, MA • BUFFALO, NY • GARDEN CITY, NY • HARTFORD, CT • MANCHESTER, NH • McLEAN, VA
NEW YORK, NY • ORANGE COUNTY, CA • PROVIDENCE, RI • ROCHESTER, NY • SAN FRANCISCO, CA • WASHINGTON, DC

## Scott A. Lathrop

| | |
|---|---|
| **From:** | "Scott A. Lathrop" <slathrop@lathroplawoffices.com> |
| **To:** | "David Rosenthal" <drosenthal@nixonpeabody.com> |
| **Sent:** | Monday, November 08, 2004 1:11 PM |
| **Subject:** | Maldonado v. Brooktrout |

Dear Atty. Rosenthal:

I just received by fax your re-notice of Ms. Maldonado's deposition for 11/19/04. From that I understand that you have received my e-mail of last Friday, although you have not otherwise responded to the issues I raised in that e-mail.

Please be advised that I am tied up in court on 11/19/04. Therefore, for that reason if for no others, we need to discuss the issues raised in my e-mail of last Friday.

Sincerely,

Scott A. Lathrop

Scott A. Lathrop & Associates
Attorneys at Law
122 Old Ayer Road
Groton, MA 01450
Tel: (978) 448-8234   Fax: (978) 448-8244

11/11/2004