# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IVYS J. MALDONADO, | ) | |
| | ) | |
| **Plaintiff,** | ) | **DOCKET NO. 03 CV 12299 RCL** |
| | ) | |
| **v.** | ) | |
| | ) | |
| BROOKTROUT, INC., et al. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' RESPONSE TO THE MOTION TO WITHDRAW
## AS COUNSEL OF SCOTT A. LATHROP

Defendants Brooktrout, Inc., et al. (collectively, "Brooktrout") hereby submit this response to the Motion for Leave to Withdraw as Counsel filed by plaintiff's attorney Scott A. Lathrop (the "Motion").

Brooktrout does not object to Mr. Lathrop's Motion to the extent that it seeks permission to withdraw as counsel, or to the request for an extension of the discovery deadline, provided such extension is limited to sixty (60) days at the most. Moreover, as a condition to allowing the motion, Brooktrout requests that the Court require (a) plaintiff and/or her attorney to produce immediately all of the documents Brooktrout has requested, and (b) plaintiff to be available for her deposition within seven (7) days of her engaging successor counsel.

On September 21, 2004, Brooktrout served Defendant Brooktrout Technology, Inc.'s First Request for Production of Documents to Plaintiff (the "Document Request") and a Notice of Deposition of Plaintiff for November 8, 2004. Those documents are attached as Exhibit 1 to this memorandum. The response to the Document Request and document production were due

from Plaintiff on October 25, 2004.[1]  Plaintiff did not file the required response or produce the requested documents.  She should be deemed to have waived any objections she may have had to the Document Request.  See Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objection a party might have to the requests.")

Counsel for Brooktrout called Mr. Lathrop on multiple occasions to inquire about this failure to respond, but received no responses to his calls.  Finally, after sending him a letter (see Exhibit 2), counsel received a message from Mr. Lathrop stating that he should call John Long, co-counsel to Plaintiff.  When Brooktrout's counsel reached Mr. Long, Mr. Long apologized for not responding; promised to provide the documents promptly; and agreed to the postponement of the deposition from November 8 to November 18, 2004, to give Brooktrout's counsel the opportunity to review the to be produced documents in advance of the rescheduled deposition.  Surprisingly, Mr. Long withdrew as counsel for plaintiff shortly thereafter.

Counsel for Brooktrout later received a message from Mr. Lathrop stating that he would be continuing to represent plaintiff, but that he was otherwise engaged on November 18, 2004.  To accommodate Mr. Lathrop, counsel to Brooktrout rescheduled plaintiff's deposition again, this time for November 19, 2004, the very last day of the discovery period.  See the letter annexed hereto as Exhibit 3.  Mr. Lathrop thereafter served his Motion.

The cumulative result of this chronology is that Brooktrout has been unable to obtain the discovery it should have had weeks ago, and which it must have to defend against the claims asserted against it.

There is simply no excuse for the failure to respond to the Document Request and to produce the requested documents.  The email attached hereto as Exhibit 4, which was filed by

---

[1]    The date of production was calculated to allow Brooktrout sufficient time to review plaintiff's documents in advance of the deposition, and to permit Brooktrout to complete its discovery by November 19, 2004, the discovery deadline.

plaintiff with the Court, reflects that Plaintiff gathered the documents and provided them to her attorney Mr. Long, long ago. Apparently, he just sat on them. Brooktrout has been frustrated in its efforts to defend this case by counsel's failure to comply with the Rules of Civil Procedure. Brooktrout believes that the claims asserted against it will be subject to dismissal on summary judgment, but requires the documents it has requested and the deposition it has noticed, in order to prepare the proper summary judgment record for the consideration of the Court. It is simply unfair to Brooktrout – which has met all of its obligations under the rules – to have this case continue longer than is absolutely necessary because of plaintiff's counsel's inattention.

Therefore, if the Court is inclined to grant the Motion, Brooktrout respectfully requests that the Court:

(1)    grant plaintiff no more than thirty (30) days to engage new counsel;

(2)    require plaintiff and/or Mr. Lathrop to produce all of the documents requested by Brooktrout, within five (5) business days of entry of the Court's Order;

(3)    require plaintiff to appear for her deposition, at the location previously noticed, no later than seven (7) days following her engagement of new counsel; and

(4)    extend the discovery deadline for a period not to exceed sixty (60) days from November 19, 2004, with all other dates in the Court's Scheduling Order continued for a period not to exceed sixty (60) days.

BROOKTROUT, INC., ET AL

By their attorneys,

David S. Rosenthal (BBO#429200)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
617-345-1000

Dated: November 18, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on November 18, 2004.

# EXHIBIT 1

BOS1398208.1



# NIXON PEABODY LLP
### ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

Joanne Sylvester
Direct Dial: (617) 345-1347
E-Mail: jsylvester@nixonpeabody.com

September 21, 2004

James J. Long, Jr., Esq.
44 Pleasant Street
Woburn, MA 01801

     RE:    Ivys J. Maldonado v. Brooktrout Technology, Inc., et al.,
            United States District Court C.A. No. 03-12299 RCL

Dear Mr. Long:

Enclosed please find Defendant Brooktrout Technology, Inc.'s First Request for Production of Documents to Plaintiff and a Notice of Deposition of Plaintiff for Monday, November 8, 2004 at 10:00 a.m.

Very truly yours,

*Joanne Sylvester*

Joanne Sylvester
Paralegal

cc:    David S. Rosenthal, Esq.
       Scott A. Lathrop, Esq.

BOS1419857.1

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVYS J. MALDONADO,<br>　　　　　　　Plaintiff,<br>V.<br><br>BROOKTROUT TECHNOLOGY, INC.,<br>ET ALS.,<br>　　　　　　　Defendants. | )<br>)<br>)<br>)　　NO.: 03CV12299 RCL<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT BROOKTROUT TECHNOLOGY, INC.'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Brooktrout Technology, Inc. ("Brooktrout") hereby requests, pursuant to Fed. R. Civ. P. 34, that plaintiff Ivys Maldonado ("Plaintiff," "you" or "your") produce the following documents at the offices of Brooktrout's attorneys, Nixon Peabody LLP, 100 Summer Street, Boston, MA, in accordance with Fed. R. Civ. P. 34.

### INSTRUCTIONS

1.　　These Requests are intended to cover all documents and tangible things in your possession or subject to your custody and control. The documents produced are to be segregated by Request when produced for inspection and copying. If any document or tangible thing described in these Requests or responses thereto was, but no longer is, in your custody or control, or in existence, state whether:

　　a.　　it is missing or lost;

　　b.　　it has been destroyed;

BOS1418739.1

c.    it has been transferred, voluntarily, or involuntarily, to others; and

d.    in each instance, explain the circumstances surrounding such disposition and identify the persons directing or authorizing the same, and the date(s) thereof, including an explanation as to why any of the foregoing occurred.

2.    If any document(s) sought by a Request cannot be produced in full, please identify any portion that cannot be produced and specify the reason(s) why such portion cannot be produced.

3.    If you object to, or otherwise decline to respond to any portion of a Request, please provide all documents called for by that portion of the Request to which you do not object or to which you do not decline to answer. If you object to a Request on the ground that it is too broad (*i.e.,* that it calls for both documents that are relevant to the subject matter of the action and documents which are not), please provide such documents as are concededly relevant. If you object to a Request on the ground that to provide documents would constitute undue burden, please provide such requested documents as can be supplied without undertaking an undue burden.

4.    If a document or any portion of a document is withheld on the basis of any asserted privilege, including without limitation, the attorney-client privilege or work-product doctrine, please provide a privilege log.

## DEFINITIONS

a.    As used herein, the term "Period" means the period of time during which Plaintiff was employed by Brooktrout.

- 3 -

b.      As used herein, the term "concerning" or "concerns" means each of the following:  relates to, refers to, proves, demonstrates, shows, evidences, reflects or embodies.

c.      As used herein, the term "Plaintiff," "you" or "your" means Ivys J. Maldonado, and any agent, employee, representative, attorney, or any other person acting for or on behalf of Plaintiff.

d.      As used herein, the term "Brooktrout" means the defendant Brooktrout Technology, Inc., and any parent, subsidiary, affiliate or related company, and each of their agents, servants, employees, officers, directors, or any person acting for or on their behalf.

e.      As used herein, the word "communication" means any verbal or written exchange of information.

f.      Any word written in the singular should be construed as plural and vice-versa, and any use of the conjunctive should be construed as also being in the disjunctive and vice-versa.

g.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

h.      The term "all documents" means every document as defined above known to you and every such document that can be located or discovered by reasonable, diligent efforts.

i.      The term "person" means the plural as well as the singular and includes a natural person, firm, partnership, corporation, association, trust or other business or

governmental entity or agency, and also includes the officers, employees, agents, attorneys, divisions, subsidiaries, affiliates, and predecessors in interest of such person.

## DOCUMENTS

1.     All documents which Plaintiff contends concern the allegations made by Plaintiff in the Amended Complaint in this action (the "Complaint").

2.     All documents which concern communications between Plaintiff and Brooktrout.

3.     All documents which reflect doctors appointments scheduled and/or attended by Plaintiff for herself, during the Period.

4.     All documents which concern doctors appointments scheduled and/or attended by Plaintiff for Plaintiff's daughter Iyvonne-Marie Mendoza, and communications with Brooktrout concerning such appointments, during the Period.

5.     All documents which concern doctors appointments scheduled and/or attended by Plaintiff for Plaintiff's daughters other than Iyvonne-Marie Mendoza, and communications with Brooktrout concerning such appointments, during the Period.

6.     Any and all documents which concern the alleged "chronic seizure disorder" and the alleged "Attention Deficit Hyperactivity Disorder" referenced in paragraph 9 of the Complaint.

7.     All documents which concern communications between Plaintiff and Brooktrout concerning requests by Plaintiff for Family and Medical Leave Act, Small Necessities Leave Act, any other leave of absence or time off for work, on account of any medical care for, or medical treatment or appointment for, any member of

Plaintiff's family, during the Period, including responses to such requests by Brooktrout.

8.    All documents made or created by Plaintiff concerning Plaintiff's communications with Brooktrout.

9.    All documents created by Plaintiff during her employment with Brooktrout.

10.    All documents concerning the "seizure" alleged by Plaintiff in paragraph 18 of the Complaint.

11.    The e-mail referenced in paragraph 26 of the Complaint.

12.    All documents concerning the "Annual Performance Review" referenced in paragraph 28 of the Complaint.

13.    Any and all documents concerning the job description (all versions thereof) for Plaintiff's job at Brooktrout.

14.    All documents concerning the "performance plan" referenced in paragraph 42 of the Complaint.

15.    All documents concerning the allegation, in paragraph 44 of the Complaint, that "Ms. Wascot and Ms. Michaud then instructed the Plaintiff to schedule all medical appointments for after 3:00 p.m."

16.    The "doctor's notes" referenced in paragraph 48 of the Complaint.

17.    The documents allegedly provided by Plaintiff to Brooktrout, which are referenced in paragraph 57 of the Complaint.

18.    All documents concerning the alleged "pneumonia" and hospitalization of Plaintiff's daughter Ivelisse, as alleged in paragraph 59 of the Complaint,

including, but not limited to, medical records prepared by doctors, nurses and the hospital concerning such pneumonia and hospitalization.

19.     All documents concerning the allegedly "discriminatory . . . instructions" referenced in paragraph 64 of the Complaint.

20.     The e-mail referenced in paragraph 32 of the Complaint.

21.     Birth certificates for each of Ismalis Mendoza, Iyvonne-Marie Mendoza and Ivelisse Mendoza.

22.     All documents, including medical records, concerning the "accident" and medical treatment referenced in paragraphs 86 and 87 of the Complaint.

23.     The "medical documentation" referenced in paragraph 93 of the Complaint.

24.     All documents concerning the statements by Ms. Wascot alleged in paragraphs 103 and 104 of the Complaint.

25.     The "documents" referenced in the last sentence of paragraph 25 of the Complaint.

26.     The "notes" referenced in paragraph 122 of the Complaint.

27.     All documents which reflect that Iyvonne-Marie Mendoza had medical appointments on October 4, October 10 and/or November 8, 2001.

28.     All documents which reflect the purpose and reason for, and the type of, medical treatment received by Iyvonne-Marie Mendoza on each of October 4, October 10 and November 8, 2001.

29.     The "pamphlet" referenced in paragraph 126 of the Complaint.

30.    The "appointment confirmation(s)" referenced in paragraph 126 of the Complaint.

31.    All documents provided by Plaintiff to the Division of Employment and Training concerning the claim/hearing referenced in paragraphs 142-144 of the Complaint.

32.    All documents concerning the allegations in paragraph 170 of the Complaint.

33.    All documents concerning the allegations in paragraph 173 of the Complaint.

34.    All documents prepared by Plaintiff concerning (a) the times at which she arrived to and/or left work, and (b) Plaintiff's absences from work.

35.    All documents concerning requests made by Plaintiff for vacation time, and/or the withdrawal, change or cancellation of any such requests.

36.    With respect to each of Plaintiff's absences from work which she contends resulted from her need to care for one of her children or attend a medical appointment for one of her children, produce all documents concerning such absence, including, but not limited to, medical records concerning Plaintiff's child's medical condition, treatment and/or appointment on the date at issue.

- 8 -

37.    All documents submitted by Plaintiff to the Massachusetts Commission

Against Discrimination and/or the Equal Employment Opportunity Commission.

BROOKTROUT TECHNOLOGY, INC.

By its attorneys,

David S. Rosenthal (BBO # 429260)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110
617-345-1000

Dated:  September 21, 2004

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IVYS J. MALDONADO,

                                        Plaintiff,

                    - vs -

BROOKTROUT TECHNOLOGY INC., ERIC
GILER, AS PRESIDENT OF BROOKTROUT
TECHNOLOGY AND INDIVIDUALLY, AND
CHRISTINE RYAN, AS CORPORATE HUMAN
RESOURCES DIRECTOR OF BROOKTROUT
TECHNOLOGY, AND INDIVIDUALLY, MICHELE
MICHAUD, AS SALES ADMINISTRATION
DIRECTOR OF BROOKTROUT TECHNOLOGY
INDIVIDUALLY, AND VALERIE WASCOAT, AS
SALES ADMINISTRATION SUPERVISOR OF
BROOKTROUT TECHNOLOGY AND
INDIVIDUALLY,

                                        Defendants.

C.A. No. 03-12299 RCL

TO:    Scott A. Lathrop, Esq.
       122 Old Ayer Road
       Groton, MA  01450

       James J. Long, Jr., Esq.
       44 Pleasant Street
       Woburn, MA 01801

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules

of Civil Procedure, Defendant, Brooktrout Technology Inc., by its attorneys, will take the

deposition upon oral examination of Ivys J. Maldonado on Monday, November 8, 2004 at

10:00 a.m. at the offices of Nixon Peabody LLP, 100 Summer Street, Boston,

Massachusetts 02110-1832.  The deposition will be taken before a notary public or before

some other officer authorized by law to administer oaths. The oral examination will

continue from day to day until completed.

BROOKTROUT TECHNOLOGY INC.,

By its attorneys,

David S. Rosenthal (BBO# 429260)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000
(617) 345-1300 (facsimile)

Dated:  September 21, 2004

2

# EXHIBIT 2



# NIXON PEABODY LLP

ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

David S. Rosenthal
Direct Dial: (617) 345-6183
E-Mail: drosenthal@nixonpeabody.com

November 3, 2004

**VIA FACSIMILE 978-448-8244**

Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450

> RE:    **Maldonado v. Brooktrout, Inc., et al**
>        **USDC No. 03CV12299-RCL**

Dear Mr. Lathrop:

I have called you on the telephone but have not been able to reach you.

I was calling to discuss (1) your client's failure to respond to the defendants' outstanding discovery including failing to file the response required by Rule 34 and to produce requested documents; and (2) the scheduling of your client's deposition. Since I have not yet received documents or even a document response, I have no choice but to continue your client's deposition from November 8, 2004 to November 18, 2004 (assuming your client's compliance with her discovery obligations.)

Please give me the courtesy of a return phone call immediately regarding these discovery matters.

Very truly yours,

David S. Rosenthal

DSR/dlp

cc: James J. Long, Jr., Esq.

BOS1437971.1          INCLUDING ATTORNEYS FORMERLY OF HUTCHINS WHEELER & DITTMAR

ALBANY, NY · BOSTON, MA · BUFFALO, NY · GARDEN CITY, NY · HARTFORD, CT · MANCHESTER, NH · MCLEAN, VA
NEW YORK, NY · ORANGE COUNTY, CA · PROVIDENCE, RI · ROCHESTER, NY · SAN FRANCISCO, CA · WASHINGTON, DC

# EXHIBIT 3

## NP

# NIXON PEABODY LLP

ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

David S. Rosenthal
Direct Dial: (617) 345-6183
E-Mail: drosenthal@nixonpeabody.com

November 8, 2004

**VIA FACSIMILE 978-448-8244**

Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA  01450

  **RE: Maldonado v. Brooktrout, Inc., et al**
     **USDC No. 03CV12299-RCL**

Dear Mr. Lathrop:

  Enclosed is the re-notice of deposition for Ivys J. Maldonado.  Since you are unavailable on November 18th, I have scheduled the deposition for Friday, November 19th.

  I must have all of the plaintiff's documents well in advance of the deposition. Thank you for your anticipated cooperation.

       Very truly yours,

       David S. Rosenthal

DSR/dlp
Enclosure
cc: James J. Long, Jr., Esq.

INCLUDING ATTORNEYS FORMERLY OF HUTCHINS WHEELER & DITTMAR

ALBANY, NY • BOSTON, MA • BUFFALO, NY • GARDEN CITY, NY • HARTFORD, CT • MANCHESTER, NH • McLEAN, VA
NEW YORK, NY • ORANGE COUNTY, CA • PROVIDENCE, RI • ROCHESTER, NY • SAN FRANCISCO, CA • WASHINGTON, DC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVYS J. MALDONADO,<br><br>                             **Plaintiff,**<br><br>      - vs -<br><br>**BROOKTROUT TECHNOLOGY INC., ERIC GILER, AS PRESIDENT OF BROOKTROUT TECHNOLOGY AND INDIVIDUALLY, AND CHRISTINE RYAN, AS CORPORATE HUMAN RESOURCES DIRECTOR OF BROOKTROUT TECHNOLOGY, AND INDIVIDUALLY, MICHELE MICHAUD, AS SALES ADMINISTRATION DIRECTOR OF BROOKTROUT TECHNOLOGY INDIVIDUALLY, AND VALERIE WASCOAT, AS SALES ADMINISTRATION SUPERVISOR OF BROOKTROUT TECHNOLOGY AND INDIVIDUALLY,**<br><br>                         **Defendants.** | **C.A. No. 03-12299 RCL** |

TO:    Scott A. Lathrop, Esq.
         122 Old Ayer Road
         Groton, MA  01450

         James J. Long, Jr., Esq.
         44 Pleasant Street
         Woburn, MA 01801

### RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant, Brooktrout Technology Inc., by its attorneys, will take the deposition upon oral examination of Ivys J. Maldonado on Friday, November 19, 2004 at 10:00 a.m. at the offices of Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110-1832. The deposition will be taken before a notary public or before

- 2 -

some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

BROOKTROUT TECHNOLOGY INC.,

By its attorneys,

David S. Rosenthal (BBO# 429260)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000
(617) 345-1300 (facsimile)

Dated: November 8, 2004

# EXHIBIT 4

-----Original Message-----
**From:** Ivys Maldonado
**Sent:** Friday, November 05, 2004 10:08 AM
**To:** Ivys Maldonado
**Cc:** 'slathrop@lathroplawoffices.com'
**Subject:** Message to James Long - Acceptance of your Withdrawal (Brooktrout: Docket No. 03 CV 1299 RCL) Faxing to James Long

Jim,

This is to confirm our conversation of yesterday in which you informed me that you will be withdrawing from the Brooktrout case. I am hereby confirming my acceptance of your withdrawal.

I called your office earlier today and left a message for you with Katie.

I do not expect that you would be seeking any monetary compensation since you have not been able to meet the schedules and deadlines agreed upon in court. In addition, in every occasion that documents have been required you have pass your responsibilities over to me. I will summarize them below:

- I prepared detailed summaries for you regarding every incident referenced in the complaint

- I spent hours at Boston University Library researching and making copies of CFR's as well as Massachusetts Law cases regarding SNLA because you did not have the resources available in your office. This was done at my own expense.

- Drafted and reviewed the complaint after it was typed. I made corrections when appropriate.

- At my expense, I made numerous sets of copies of all the documents that I had in my possession and forwarded them to you.

- At my expense, I requested copies of DET documents and audio tapes.

- I paid all fees involved with the filing and service of the complaint.

- I drafted our request for Production of Documents.

- I drafted all of the interrogatories (Brooktrout, Valerie Wascoat, Michele Michaud, Christine Ryan and Eric Giler)

1

- I provided you with hard copies as well as diskettes including Production of Documents and Interrogatories.

- I installed WordPerfect in my home computer and converted the above referenced files from Word documents to WordPerfect so that you would not have to retype the documents.

- ~~I provided you again with copies of all documents and some additional exhibits for Defendant's First Request for Production of Documents~~

- I reviewed Defendant's Request for Production of Documents and found that most of their statements did not match the complaint

- You did not forward the documents required to Defendant's attorney's on time, therefore my deposition scheduled for Monday, November 8th had to be postponed.

I need your written and verbal confirmation as to the financial status and what remuneration, if any, you intend to seek. Because of the items noted above, I believe that you should release me from any financial responsibilities. I will not be able to move forward and seek a new attorney to represent me until I confirm with you these details. I had a conversation with Scott yesterday in which he was willing to walk away without seeking any remuneration for time that he had spent in this case.

I also need for you to return the set of documents that were dropped off in your office on Monday (Exhibits/Documents Defendant's Request for Production of Documents). In addition, please return the DET audio tapes that you have in your possession since I paid for these and do not have duplicate copies.

I look forward to your verbal and written confirmation today.

Thank you.


Ivys Maldonado
Sales Administrator
Venturcom, Inc.
29 Sawyer Road
Waltham, Ma. 02453-3467
imaldonado@vci.com
Tel.: 781.647.3000 ext 301
Fax: 781.647.3999