UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 JAN 21 P 4: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

IVYS J. MALDONADO,
                        Plaintiff,

- vs -

BROOKTROUT TECHNOLOGY INC., ERIC GILER, AS PRESIDENT OF BROOKTROUT TECHNOLOGY AND INDIVIDUALLY, AND CHRISTINE RYAN, AS CORPORATE HUMAN RESOURCES DIRECTOR OF BROOKTROUT TECHNOLOGY, AND INDIVIDUALLY, MICHELE MICHAUD, AS SALES ADMINISTRATION DIRECTOR OF BROOKTROUT TECHNOLOGY INDIVIDUALLY, AND VALERIE WASCOAT, AS SALES ADMINISTRATION SUPERVISOR OF BROOKTROUT TECHNOLOGY AND INDIVIDUALLY,
                        Defendants.

C.A. No. 03-12299 RCL

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO EXTEND DISCOVERY DEADLINE

Defendants Brooktrout, Inc. et al ("Brooktrout") submit this memorandum in opposition to Plaintiff Ivys Maldonado's Motion for Leave to Extend Discovery Deadline (the "Motion"). As grounds for this opposition, Brooktrout states as follows:

1.    Brooktrout's position regarding discovery has been consistent:

- On September 21, 2004, Brooktrout timely served its discovery in this action, including a request for production of documents to plaintiff and a notice for her deposition. These discovery requests were simply ignored by plaintiff and her attorneys, including her current counsel, Scott A. Lathrop, who has had an appearance

BOS1455739.1

in this case since it was filed. As a result, Brooktrout has been totally stymied in its effort to defend against the claims asserted by plaintiff.

- Plaintiff has not served any discovery, or made any effort whatever, to prosecute her claims.

- Plaintiff should not be rewarded for her dilatory conduct by this Court's simply overlooking her failure to respond to discovery or to prosecute her claims. She should not be allowed to extend the discovery deadline under these circumstances.

- Defendants will clearly by prejudiced by allowance of the Motion, by being required to respond to discovery <u>after</u> plaintiff's deadline therefore has long since passed.

2.  Plaintiff should be required to provide Brooktrout with the discovery Brooktrout timely served on her. According to letters filed with the Court by plaintiff, the documents required have been gathered. They have simply not been produced to Brooktrout. It is long since time for plaintiff to comply with Rules 26, 30 and 34. If the discovery is not ordered, then the prejudice to Brooktrout by plaintiff's failure to comply with these rules will increase exponentially: it will not have the documents and deposition it needs to defend this action.[1]

3.  If the Court is inclined to extend the discovery deadline, Brooktrout requests that the deadline be extended for no more than sixty (60) days, but only on the condition that

---

[1] By failing to respond to discovery, plaintiff has waived any objection she may have to the discovery requests. <u>Krewson v. City of Quincy</u>, 120 F.R.D. (D. Mass. 1988) ("If a party fails to timely file objections to document requests, such a failure constitutes a waiver of any objection a party might have to the requests.")

plaintiff immediately produces to Brooktrout the requested documents, and appear for her deposition.

4.   Accordingly, Brooktrout respectfully requests that the Court deny plaintiff's Motion and order (a) the immediate production by plaintiff of all requested documents, and (b) plaintiff to appear for her deposition within seven (7) days of her production of documents.

BROOKTROUT INC., ET AL

By its attorneys,

David S. Rosenthal (BBO #429260)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110
617-345-1000

Dated:  January 21, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on January 21, 2005.

BOS1455739.1